Galveston and Western Railway Company v. City of Galveston.

Motion No. 401.—Decided March 25, 1897.

ON MOTION FOR REHEARING.

1.  **Railway—Rights in Street—Void Conditions.**
A grant by a city of the right of way for a railroad in its public streets is not rendered void by the fact that it was made upon conditions subsequent which the city had no right to attach to its grant, and which were therefore inoperative.

2.  **Practice in Supreme Court—Reversal—Remand.**
The Supreme Court, in reversing a judgment for plaintiff on grounds going to the merits of the action as disclosed by the petition, will not remand for the purpose of permitting an amendment, where there remains no ground on which plaintiff can maintain a case in accordance with its ruling.

Motion for rehearing of cause decided February 15, 1897.

The original opinion in this case is published in 90 Texas, page 398. The opinion on motion for rehearing was not with the record as it then reached the Reporter, who was not advised that a written opinion had been delivered thereon.

*R. Waverly Smith*, City Attorney, and *Wheeler & Rhodes* and *Hume & Kleberg*, for motion.

*Gresham, Jones & Wheeless*, contra.

BROWN, Associate Justice.—We have carefully re-examined the ground upon which the opinion in this case rests and have considered the additional authorities presented by the city of Galveston on this motion, but find no reason for changing our opinion as to the proper disposition of the case.

Our opinion in this case rests upon the ground that the State granted to the railroad company the right to occupy the streets of the city upon the condition precedent that the city should consent thereto, and that, when the city gave that consent, the right to occupy the streets vested in the railroad company and its occupancy of such streets was by authority of the State. The city had no authority, in granting its consent, to attach a condition subsequent which, in case of failure to comply, would defeat the right granted by the State which vested when the consent of the city was given.

It seems to be insisted in support of this motion, that, if the condition attached by the city to its consent be void, the grant of consent is likewise void. This does not necessarily follow. A grant of land upon a condition subsequent which is void or even illegal does not defeat the grant itself, but the illegal or void condition will have no effect upon the rights of the parties. So in this case, the validity of the condition

subsequent could not affect the validity of the grant of consent on the part of the city.

We are asked to remand the case in order that the petition may be amended for the purpose of proceeding against the railroad company as a trespasser upon the streets. If the opinion heretofore rendered is grounded upon safe and sound propositions of law, then it is impossible that the railroad company could be a trespasser upon the streets of the city. If it were true that the facts in this case made the railroad company a trespasser, then we ought not to reverse the judgment of the District Court, for—whether it proceeded upon a right ground or not—if the judgment were correct, it should be affirmed.

We examined the record in this case before entering judgment, to ascertain if there was any probable ground upon which a proceeding might be maintained in case the cause was. remanded to the District Court, and we were able to find no ground for such a proceeding. It would be useless to remand this cause to the District Court to be tried again, when it is evident that there is no ground upon which a proceeding can be based, and it would be wrong to remand it upon the alleged ground that the railroad company is a trespasser upon the street when it is impossible for that ground to exist and if the court below should sustain the proceedings upon such allegation, upon a future appearance of the case in this court, we would be compelled to reverse the very judgment which we had authorized that court to enter.

It therefore being apparent that the city can make no further allegation which would entitle it to remove the railroad from its street, this motion is overruled and the judgment as heretofore entered will stand unmodified.

*Motion overruled.*